**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EMPIRE COMMUNITY DEVELOPMENT, LLC,**

                         **Plaintiff,**                      **REPORT AND**
                                                            **RECOMMENDATION**

                   **-against-**                      **19-CV-5341 (DLI)**

**ROSEMARIE GIAMBALVO-WEST, et al.,**

                          **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Empire Community Development, LLC ("plaintiff" or "Empire") brings this action against Rosemarie Giambalvo-West, a/k/a Rosemarie Giambalvo, a/k/a Rosemarie West (the "Borrower" or "Giambalvo"), seeking to foreclose its mortgage (the "Mortgage") encumbering real property located at 41 South Larry Road, Selden, New York (the "Subject Property").  See generally Complaint (Sept. 19, 2019) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1.  Plaintiff has also named a subordinate mortgagee and a series of lienholders as defendants, none of whom has appeared in the action.[1]

Currently before this Court, on a referral from the Honorable Dora L. Irizarry, is plaintiff's motion for default judgment against defendants.  See Order Referring Motion (Jan. 8, 2020); Notice of Motion for Default Judgment of Foreclosure and Sale (Jan. 7, 2020), DE #18; see also Memorandum of Law in Support of Plaintiff's Motion for Default Judgment of

---

[1] These defendants are: Fletcher A. Keller; Clerk of the Suffolk County District Court; People of the State of New York; Teachers Federal Credit Union; Zapmytax D/B/A Asset Servicing Corp D/B/A Property Assessment Correction Group; Town of Brookhaven PVB; and the Clerk of the Suffolk County Traffic and Parking Violations Agency (collectively, with Giambalvo, referred to herein as "defendants").  See Compl. ¶¶ 4-10.

Foreclosure and Sale ("Pl. Mem."), DE #18-2.  For the reasons that follow, this Court respectfully recommends that plaintiff's motion for default judgment be granted in substantial part.

## FACTUAL BACKGROUND

On October 6, 2006, the Borrower executed and delivered a promissory note (the "Note") to Mortgage Lenders Network USA, Inc. ("Mortgage Lenders"), promising to repay the principal sum of $83,000.00, loaned by Mortgage Lenders, plus interest.  See Compl. ¶ 15; Ex. C to Compl. (Note) at pp. 16-19, DE #1-1.[2]  To secure repayment of the loan, the Borrower executed and delivered a mortgage (the "Mortgage") on the Subject Property to Mortgage Lenders in the amount of $83,000.00.  See Compl. ¶ 14; Ex. B. to Compl. (Mortgage) at pp. 7-14, DE #1-1. The Mortgage was duly recorded in the Suffolk County Clerk's Office on October 30, 2006 in Liber M00021409, Page 363.  See Compl. ¶ 14; Ex. B. to Compl. (Recording Page) at p. 4, DE #1-1.

Under the terms of the Note, the Borrower was required to make payments of principal and accrued interest, on a monthly basis, until the maturity date.  See Note ¶ 3 at p. 16.  The interest rate was originally fixed at 12.4000 percent.  See id. ¶ 2.  The failure to pay any monthly installment would constitute an event of default.  See id. ¶ 4(C).

The Borrower has not made the monthly payments required by the Note and Mortgage since June 1, 2013.  See Compl. ¶ 19 (stating that the Borrower failed to make the monthly payment due on July 1, 2013 and through the present); see also Loan Summary and Payment Schedule (Jan. 22, 2020), DE #20 (showing the Borrower's last payment occurred on June 1, 2013).  Under the terms of the Note and Mortgage, the Borrower is therefore in default, see Note

---

[2] The page references correspond to the page numbers assigned by the Court's Electronic Case Filing system.

¶ 4(C); Mortgage ¶ 20, and "the Note Holder" is entitled, after providing written notice, to "require [the Borrower] to pay immediately the full amount of principal which has not been paid and all the interest that [the Borrower] owe[s] on that amount."  Note ¶ 4(B), (C).  "If Lender requires immediate payment in full . . . , Lender may bring a lawsuit to take away all of [the Borrower's] remaining rights in the Property and to have the Property sold."  Mortgage ¶ 20.  On February 6, 2019, plaintiff served the Borrower with a default notice to cure, advising of possible acceleration of the loan, and declaring that the outstanding principal balance due under the Note, together with all accrued interest, was immediately due and payable.  See Compl. ¶ 20; Ex. E to Compl. (Default Notice), DE #1-1.

The Note has undergone a chain of assignments as follows: the Borrower promised to make monthly payments under the Note to Mortgage Lenders, see Note ¶¶ 1, 3 at p. 16, which assigned the Note to EMAX Financial Group, LLC, see Ex. C to Compl. (Assignment), DE #1-1 at p. 20.  EMAX Financial Group, LLC then assigned the Note to Residential Funding Company, LLC by allonge, see id. at p. 21.[3]  That entity assigned the Note to Greenwich Investors XXXIII, LLC by allonge, see id. at p. 22, which subsequently assigned the Note to Trinity Financial Services, LLC by allonge, see id. at p. 23.  Trinity Financial Services, LLC then assigned the Note to Ventus Properties, LLC by allonge, see id. at p. 24, which in turn assigned it to Partners for Payment Relief DE IV, LLC by allonge, see id. at p. 25.  Finally, Partners for Payment Relief DE IV, LLC assigned the Note, also by allonge, to plaintiff.  See id. at p. 26.

---

[3] This allonge is undated and unlabeled.  "While it would be 'better practice' for [a plaintiff] to be able to establish the details of the Note's transfer, see OneWestBank v. Melina, 827 F.3d 214, 223 (2d Cir. 2016), the fact that an allonge is undated does not undermine its validity."  CIT Bank, N.A. v. Metcalfe, 15-CV-1829 (MKB) (JO), 2017 WL 3841843, at *3 (E.D.N.Y. Aug. 17, 2017) (citing Bank of Am., N.A. v. 3301 Atl., LLC, No. 10-CV-5204 (FB), 2012 WL 2529196, at *8 (E.D.N.Y. June 29, 2012)), adopted, 2017 WL 3841852 (E.D.N.Y. Sept. 01, 2017)

Similarly, plaintiff has been the holder of the Mortgage since January 23, 2019.  See Compl. ¶ 16(e); Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale (Jan. 7, 2020) ("Attorney Decl.") ¶ 3, DE #18-1.  The Mortgage has undergone a chain of assignments as follows: the Borrower delivered the Mortgage to Mortgage Lenders on October 6, 2006, see Mortgage at p. 12, which assigned the Mortgage to Greenwich Investors XXXIII, LLC on May 5, 2019, and the assignment was recorded on June 14, 2010.  See Compl. ¶ 16(a); Ex. D to Compl. (Mortgage Assignment) at pp. 28-30, DE #1-1.  The Mortgage was subsequently assigned to Trinity Financial Services, LLC on October 29, 2014, and recorded on May 27, 2015. See Compl. ¶ 16(b); Ex. D to Compl. at pp. 31-33.  On October 13, 2014, Trinity Financial Services, LLC assigned the Mortgage to Ventus Properties, LLC, and the transfer was recorded on May 27, 2015, see Compl. ¶ 16(c); Ex. D to Compl. at pp. 34-36.  The Mortgage was then assigned to Partners for Payments Relief DE IV, LLC on January 11, 2018, and recorded on August 20, 2019, see Compl. ¶ 16(d); Ex. D to Compl. at pp. 37-42, and again assigned to plaintiff on January 23, 2019 and recorded on August 20, 2019, see Compl. 16 ¶(e); Ex. D to Compl. at pp. 43-49.

In light of Giambalvo's purported failure to make the payment due on July 1, 2013, and all payments due thereafter, Giambalvo defaulted on the Note and the Mortgage.  See Compl. ¶ 19.  On February 6, 2019, plaintiff mailed Giambalvo a demand letter in accordance with the terms of the Mortgage and a ninety-day notice pursuant to New York Real Property Actions and Proceedings Law ("N.Y. RPAPL") § 1304, see Default Notice (Sept. 19, 2019), DE #1-1 at pp. 55-58, and filed the foreclosure registration requirement mandated by N.Y. RPAPL § 1306, see Proof of Filing Statement (Nov. 19, 2019), DE #1-1 at p. 61.  Giambalvo did not cure the default.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 19, 2019, and served Giambalvo and the other defendants, all of whom failed to answer or otherwise respond to the Complaint.  See Summonses Returned Executed, DE #8-15.[4]  Following entries of default against defendants, plaintiff moved for default judgment and, on January 8, 2020, Judge Irizarry referred the motion to this Court to report and recommend.  See Order Referring Motion.  This Court thereafter directed plaintiff to supplement its submission by providing "documentation supporting the affidavit's assertion that the unpaid principal is the amount stated in the Affidavit of Statement of Damages."  Scheduling Order (Jan. 9, 2020) at 2, DE #19.  Plaintiff filed a supplemental affirmation from Robert Paulus, plaintiff's Director of Borrower Management, on February 22, 2020.  See Supplemental Affidavit in Support of Amounts Due to Plaintiff (Jan. 22, 2020) ("Paulus Supp. Aff."), DE #20.

## DISCUSSION

## I.    Default Judgment Standard

Where the "plaintiff's claim is [not] for a sum certain[,]" the plaintiff seeking default judgment against a defendant who failed to answer or otherwise defend the case "must apply to the court" after "the clerk enter[s] the [defendant's] default."  Fed. R. Civ. P. 55(a)-(b).  A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability[.]"  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  The court need not, however, "agree that the alleged facts constitute a valid cause of action[.]"  TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd., 536 F.App'x 45, 46 (2d Cir. 2013)

---

[4] The Affidavit of Service for Giambalvo states that the process server effected service of the section 1303 Notice, the section 1320 Notice, the Certificate of Merit, the Summons, and Complaint on October 3, 2019 on Robert West, the husband of Giambalvo, at her place of residence.  See Giambalvo Summons (Oct. 10, 2019), DE #13.

(internal quotation marks and citations omitted).  Indeed, "before a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendant's liability as a matter of law."  Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas, 509 F.App'x 54, 56 (2d Cir. 2013) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)).

"When deciding a [defendant's liability on a] motion for default judgment, courts have . . . looked to recent precedent with regard to surviving a Rule 12(b)(6) motion to dismiss[.]" Chanel, Inc. v. Louis, No. 06-cv-5924 (ARR)(JO), 2009 WL 4639674, at *3 (E.D.N.Y. Dec. 7, 2009).  On a Rule 12(b)(6) motion, courts follow a two-prong approach.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009).  First, the complaint's conclusions of law and formulaic recitations of elements of a cause of action should be disregarded.  See id.  Second, where the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Although, in deciding motions for default judgment, courts assume the truth of the pleadings' well-pled facts as they relate to liability, the facts alleged in the pleadings are not assumed to be true in assessing the plaintiff's right to the relief requested.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  In other words, even if the defendant is found to be liable, the defendant's default is not considered an admission of the plaintiff's entitlement to an award of damages or equitable relief.  See Greyhound Exhibitgroup, 973 F.2d at 158; S.E.C. v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975).  Instead, the relief requested must "be established by the plaintiff" with evidence, Greyhound Exhibitgroup, 973

F.2d at 158, and may not exceed "what is specified in the [complaint's] 'demand for judgment,'" Silge v. Merz, 510 F.3d 157, 160 (2d Cir. 2007).  In this regard, the court may rely on "detailed affidavits and documentary evidence" and need not conduct an evidentiary hearing on the appropriateness of the relief requested.  See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 39-40 (2d Cir. 1989).

## II.   Standing

Since plaintiff is not an original party to the Note, the Court will first address plaintiff's standing to bring this foreclosure action.  See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").  "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  Eastern Sav. Bank, FSB v. Thompson, 631 F.App'x 13, 15 (2d Cir. 2015) (quoting Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S. 3d 543, 544 (2d Dep't 2015)).  "Notably, '[e]ither a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.'"  Id. (quoting U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)) (alteration omitted).  "'Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff.'"  Id. (quoting Wells Fargo Bank, NA v. Ostiguy, 8 N.Y.S.3d 669, 671 (3d Dep't 2015)).

Here, plaintiff alleges in the Complaint that "[p]laintiff is in physical possession and is the owner and holder of said original Note and Mortgage."  Compl. ¶ 18.  Plaintiff has also

submitted an affidavit from Robert Paulus, the "Director of Borrower Management of Empire

Community Development, LLC[,]" who avers that plaintiff is the owner and holder of the

Mortgage and Note.  <u>See</u> Affidavit of Robert Paulus (attached as Ex. C. to Declaration of Alan

Weinreb ("Weinreb Decl."), DE #18-1) ("Paulus Aff."), DE #18-6 ("Empire is the owner and

holder of the Mortgage and Note, described in the Complaint"); <u>see also</u> Paulus Supp. Aff. ¶ 4

(stating the same).  Moreover, attached to the Complaint are copies of the Note, Mortgage, and

alonges.  The unbroken chain of assignments of the Note, as described above, further supports

plaintiff's allegation that it is the holder of the Note and the Mortgage.[5]  Hence, plaintiff has

adequately demonstrated that it held the Note when this action was commenced and thus has

standing to bring this action.  <u>See</u> <u>JXB 84 LLC v. Khalil</u>, 15-CV-6251 (NGG) (JO), 2017 WL

1184001, at *3 (E.D.N.Y. Feb. 17, 2017), <u>adopted</u>, 2017 WL 1184141 (E.D.N.Y. Mar. 29,

2017); <u>Eastern Sav. Bank, FSB v. Whyte</u>, 13-CV-6111 (CBA)(LB), 2016 WL 236221, at *3

(E.D.N.Y. Jan. 20, 2016); <u>Wells Fargo Bank, N.A. v. Landi</u>, No. 13-CV-5822 (RRM)(JO), 2015

WL 5655810, at *3 (E.D.N.Y. Aug. 14, 2015), <u>adopted</u>, 2015 WL 5657358 (E.D.N.Y. Sept. 22,

2015).

**III.     RPAPL Sections 1304 and 1306**

Plaintiff also appears to have complied with the notice of foreclosure and registration

requirements set forth in N.Y. RPAPL sections 1304 and 1306.

### A. <u>RPAPL Section 1304</u>

Section 1304 requires that "at least 90 days" prior to filing a foreclosure action, notice be

sent "by registered mail or certified mail and also by first-class mail to the last known address of

---

[5] The recorded assignments of the Mortgage show a more truncated chain of assignments.  <u>See</u> Mortgage Assignments at pp. 28-49.  This fact does not affect plaintiff's standing since, as discussed above, "the mortgage passes with the debt as an inseparable incident."  <u>Thompson</u>, 631 F.App'x at 15 (internal quotation marks and citation omitted).

the borrower, and to the residence that is subject to the mortgage." N.Y. RPAPL § 1304(1), (2).

"The notice must be transmitted via registered or certified mail and also by first-class mail to the

last known address of the borrower, and if different, the residence of the mortgage," and

"[p]roper service of RPAPL [section] 1304 notice on the borrower . . . is a condition precedent to

the commencement of a foreclosure action." Gustavia Home, LLC v. Hoyer, 362 F.Supp.3d 71,

83 (E.D.N.Y. 2019) (citations and internal quotation marks omitted).

 Here, the notice sent by plaintiff on February 6, 2019, see Ex. E to Compl (Default

Notice), DE #1-1 at pp. 55-58, contains both the language and the font size mandated by the

statute, see N.Y. RPAPL § 1304(1); see also Gustavia Home, LLC v. Rice, 16 Civ. 2353 (BMC),

2016 WL 6683473, at *3 (E.D.N.Y. Nov. 14, 2016). The Court is also in possession of a

notarized affidavit of mailing from Helena Nierer, the individual who placed the notice in the

mail, stating that she "served the 30 day Demand Letter and the New York Statutory Notice by

depositing a true copy by first class mail thereof in a post-paid wrapper" on February 6, 2019.

Ex. E to Compl. (Affidavit of Mailing), DE #1-1 at p. 60. Although Ms. Nierer's affidavit does

not state that she also sent the notice via certified mail, plaintiff has submitted with its motion

papers two (unsigned) United States Postal Service ("USPS") certified mail receipts, see Ex. E to

Compl. (Certified Mail Receipts), DE #1-1 at pp. 54, 59. Presumably, plaintiff mailed copies of

the February 6th demand letter and the section 1304 notice in these USPS certified mail receipts.

See generally Compl. ¶ 20 ("Copies of the Default Notice and the 90-day notice with proof of

mailing and registration are annexed hereto as Exhibit "E".).

 Earlier this year, the Second Circuit held that "[c]ompliance with § 1304 can be

'established with proof of the actual mailings, such as affidavits of mailing or domestic return

receipts with attendant signatures, or proof of a standard office mailing procedure designed to

ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." CIT Bank N.A. v. Schiffman, 948 F.3d 529, 533 (2d Cir. 2020) (citing Deutsche Bank Nat'l Tr. v. Spanos, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)). In the instant case, plaintiff puts forth a single affidavit of mailing attesting that plaintiff sent the statutory notice via first class mail. While this document is sufficient to prove that plaintiff complied with the first-class mail requirement of section 1304, Ms. Nierer's affidavit does not state that she mailed the section 1304 notice via certified mail, nor do the two unsigned certified mail receipts provided by plaintiff have domestic return receipts with attendant signatures.

Nevertheless, this Court is satisfied that plaintiff complied with the mailing procedures mandated by section 1304. As an initial matter, the two unsigned certified mail receipts proffered by plaintiff have USPS tracking numbers. See Ex. E to Compl. (Certified Mail Receipts), DE #1-1 at p. 54 (tracking number 7018 2290 0000 5209 1332) and p. 59 (tracking number 7018 2290 0000 5209 1349). USPS tracking information obtained from the USPS website does not list dates of mailing, but does confirm that both parcels arrived at the USPS Regional Facility on the evening of February 6, 2019, and that one was delivered on February 12, 2019, and the other was returned as unclaimed on March 2, 2019.[6] See USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70182290000052091332 (last visited Mar. 4, 2020); see id., https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70182290000052091349 (last

---

[6] This Court takes judicial notice of tracking information available on the United States Postal Service website. See El-Aheidab v. Citibank (S. Dakota), N.A., No. C-11-5359 EMC, 2012 WL 506473, at *4 n.3 (N.D. Cal. Feb. 15, 2012); cf. NYKCool A.B. v. Pac. Int'l Servs., Inc., No. 12 CIV. 5754 LAK AJP, 2013 WL 6799973, at *6 n.8 (S.D.N.Y. Dec. 20, 2013) (taking judicial notice of online FedEx tracking information).

visited Mar. 4, 2020).  Thus, this evidence reflects that the section 1304 notice was mailed in accordance with the strictures of the statute.[7]  And while plaintiff should not assume that courts in future cases addressing this issue will accept as sufficient the limited showing made in the instant case, this Court is satisfied that plaintiff followed the requirements of the statute, at least for the purposes of this default judgment motion.[8]

### B.  RPAPL Section 1306

Meanwhile, section 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of the mailing of the [section 1304 notice] . . . the information required by subdivision two of this section."  N.Y. RPAPL § 1306(1).  Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue."  N.Y. RPAPL § 1306(2).   A review of the registration document in the instant case shows that plaintiff has satisfied these requirements as well.  See Compl. ¶ 20; Ex. E. to Compl. (Proof of Filing Statement), DE #1-1 at p. 61.

### IV.      Liability

Plaintiff is entitled to foreclosure if it establishes "'the existence of an obligation secured by a mortgage, and a default on that obligation.'"  OneWest Bank, N.A. v. Denham, No. CV 14-

---

[7] Schiffman states that compliance with section 1304 must be established with proof of the actual mailings *such as* by affidavits of mailing or domestic return receipts with attendant signatures. Schiffman, 948 F.3d at 533 (emphasis added).  Neither the language in Schiffman, nor that in the cases on which it relies, intimates that those methods of proving compliance with section 1304 are exclusive.

[8] Because plaintiff does not rely upon standard office mailing procedures as proof of its mailing (as is permitted by section 1304), this Court need not determine whether a stay is warranted pending resolution of the questions certified by the Second Circuit to the New York Court of Appeals in Schiffman, 948 F.3d 529.  See Miss Jones, LLC v. Magda Viera, 18-CV-1398-NGG-SBB, DE #28.

5529 (DRH)(AKT), 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015) (quoting Eastern Sav. Bank, FSB v. Beach, No. 13-CV-341 (JS)(AKT), 2014 WL 923151, at *5 (E.D.N.Y. Mar. 10, 2014)), adopted, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); see 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08-CV-3401 (NGG)(MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), adopted, 2019 WL 4607409 (E.D.N.Y. Nov. 4, 2010).  If those elements are established, the mortgagee has a "'presumptive right to collect, which can only be overcome by an affirmative showing by defendant.'"  Denham, 2015 WL 5562980, at *5 (quoting FirstStorm Partners 2 LLC v. Vassel, No. 10-CV-2356 (KAM)(RER), 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012), adopted, 2012 WL 1885861 (E.D.N.Y. May 23, 2012)).

## C. **Defendant Giambalvo**

Here, plaintiff alleges that on October 6, 2006, Giambalvo executed a Note, along with a Mortgage on the real property located at 41 South Larry Road, Selden, New York.  See Compl. ¶¶ 14-15.  Plaintiff has proffered copies of the Note and Mortgage, as well as a series of assignments of the Note, resulting in the Note's assignment to plaintiff.  As alleged in the Complaint, the Borrower did not comply with the terms of the Note and Mortgage in that she failed to make the monthly payments due since the first day of July 2013.  See id. ¶ 19.  Mr. Paulus, plaintiff's Director of Borrower Management, avers that Giambalvo defaulted on the loan as of July 1, 2013.  See Paulus Aff. ¶ 6; see also Paulus Supp. Aff. ¶ 5.  Giambalvo's default triggered plaintiff's right to accelerate the loan, requiring payment of the entire principal outstanding.  See Note at ¶ 4(C).  No defense has been proffered by defendant Giambalvo, who is in default, and none is apparent to the Court from its review of the underlying documents. Therefore, plaintiff has established its entitlement to foreclosure.

D.  **Other Defendants**

As noted above, plaintiff named additional defendants who may hold a lien or a judgment on the property that is subsequent or adverse to plaintiff's mortgage.  See *supra* p. 1 n.1.  Section 1311 of the N.Y. RPAPL provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  N.Y. RPAPL § 1311(3).  "This rule 'derives from the underlying objective of foreclosure actions – to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'"  3301 Atl., 2012 WL 2529196, at *14 (quoting NC Venture I, L.P. v. Competing Analysis, Inc., 803 N.Y.S.2d 95, 97-98 (2d Dep't 2005)).  New York law also requires that "[w]here a city or any department, bureau, board, commission, officer, agency or instrumentality thereof is a defendant in an action affecting real property, the complaint shall set forth: . . . [d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such" an entity a party to the action.  See N.Y. RPAPL § 202-a.

Courts have held that entry of default judgment pursuant to Rule 55 is appropriate where the complaint alleges "nominal liability," i.e., that any judgments or liens a defendant may have signed against the property are subordinate to the plaintiff's lien.  See Eastern Sav. Bank, FSB v. Rabito, No. CV 11-2501(KAM)(VVP), 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), adopted, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014); 3301 Atl., 2012 WL 2529196, at *14; Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206 (JS)(ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009).  Each of the non-mortgagor defendants in this case was properly served with the summons and Complaint, but did not answer or otherwise respond.

1.  Fletcher A. Keller

As a preliminary matter, plaintiff alleges that defendant Keller "is a necessary party defendant to this action by virtue of the fact that he is a subordinate mortgagee by virtue of a [m]ortgage recorded on May 13, 2008 . . . against the property being foreclosed." Compl. ¶ 4. The Court is therefore satisfied that plaintiff has sufficiently alleged the nominal liability of Keller, and respectfully recommends that a default judgment be entered against him. See Gustavia Home, LLC v. Bijoux, 16 CV 4029 (SJ)(RML), 2017 WL 4404435, at *3 (E.D.N.Y. June 12, 2017), adopted, 2017 WL 4402449 (E.D.N.Y. Oct. 2, 2017); see also Eastern Sav. Bank, FSB v. Robinson, 13-CV-7308 (ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), adopted, 2016 WL 3102021 (E.D.N.Y. June 2, 2016).

2.  State and City Agencies

The Complaint also contains well-pleaded allegations of nominal liability on the part of the city and state defendants. See Compl. ¶¶ 5, 6, 9, 10 (expressly stating that these defendants are judgment creditors by virtue of judgments against the Borrower and/or property, which are subordinate to plaintiff's mortgage). For defendants Clerk of the Suffolk County District Court and the Town of Brookhaven PVB, plaintiff's Complaint pleads that these defendants hold liens of $100.00 and $255.00 respectively, and plaintiff has submitted, with its motion papers, documents reflecting the same. See id. ¶¶ 5, 9; Ex. F. to Compl. (Judgments Retrieval Reports), DE #1-1 at pp. 63, 68. Accordingly, this Court respectfully recommends entering default judgment against these two defendants.

With respect to defendants People of the State of New York and Clerk of the Suffolk County Traffic and Parking Violations Agency, while plaintiff's Complaint states that these defendants are judgment creditors and thus necessary parties to this action, the pleading states

neither the total sums of the liens owed by these defendants nor the nature of the interest in or lien on the real property.  See Compl. ¶¶ 6, 7; Khalil, 2017 WL 1184001, at *4 (discussing a heighted pleading requirement pursuant to N.Y. RPAPL § 202-a); see also Gustavia Home, LLC v. Lawrence, 16-CV-4010 (SJ) (SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) (noting the same), adopted, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017).  Nevertheless, because plaintiff submitted documents showing liens totaling $2,910.00 for the People of the State of New York and $1,680.00 for the Clerk of the Suffolk County Traffic and Parking Violations Agency, see Ex. F to Compl. (Judgments Retrieval Reports), DE #1-1 at pp. 64, 65, 69-82, 84, 85, the District Court's entry of default judgment against these defendants is likewise warranted.

    3.  Remaining Defendants

With respect to the Teachers Federal Credit Union and Zapmytax D/B/A Asset Servicing Corp D/B/A Property Assessment Correction Group, plaintiff's Complaint pleads that these defendants hold liens of $9,014.93 and $1,203.95, respectively, and plaintiff has submitted documentary evidence reflecting the same.  See Compl. ¶¶ 7, 8; Judgments Retrieval Reports at pp. 66-67.  Consequently, this Court recommends that the motion for default judgment be granted against these defendant entities as well.

## V.    Damages

### A.    Principal

Plaintiff seeks $80,366.37 in outstanding principal owed on the Note.  Mr. Weinreb and Mr. Paulus have attested to the accuracy of the amounts due on the Note based on plaintiff's records.  See Paulus Supp. Aff. ¶ 5; see also Loan Summary and Payment Schedule.[9]  Since the

---

[9] The Weinreb Declaration states that plaintiff is owed the principal sum in the amount of $80,367.33 rather than what appears to be the correct sum of $80,366.37, as set forth in the Paulus Supplemental Affidavit and the Loan Summary and Payment Schedule Documents.  Compare Weinreb Decl. ¶ 6 with
[footnote continues]

proof that the outstanding balance is $80,366.37 is undisputed, the Court recommends awarding that amount.

### B. Interest

Plaintiff seeks interest in the amount of $66,202.50 from July 1, 2013 through January 20, 2020 on the principal balance of $80,366.37 at 12.400 percent annum.  See Paulus Supp. Aff. ¶¶ 6-7.  As discussed above, no payments have been made since June 1, 2013.  Plaintiff has correctly calculated interest due through January 20, 2020 in the amount of $66,202.50.  See id. ¶ 7.  Therefore, this Court respectfully recommends that plaintiff be awarded interest in the amount of $66,202.50 for the period of July 1, 2013 through January 20, 2020, and at a daily rate of $27.30 ($66,202.50 x 12.400% / 365 days) thereafter until the entry of judgment.

### C. Attorneys' Fees & Costs

A plaintiff in a foreclosure action may recover attorneys' fees and costs against a borrower-defendant if the note or mortgage provides for such an award.  See Onewest Bank N.A. v. Louis, 15-CV-00597 (PAC) (BCM), 2016 WL 3552143, at *10 (S.D.N.Y. June 22, 2016), adopted, 2016 WL 4059214 (S.D.N.Y. July 28, 2016).  Here, while the Note provides that the Borrower is liable for attorneys' fees as well as the costs and expenses of enforcing the Note, see Note ¶ 4(D), plaintiff does not seek to recover attorneys' fees in this action, see Weinreb Decl. ¶ 8.  With respect to costs, while plaintiff seeks costs and disbursements in its Complaint, see Compl. ¶ 23(b), plaintiff does not request costs in its Proposed Judgment, see Proposed Judgment (Jan. 7, 2020), DE #18-3, and, in any event, has not provided the Court with adequate substantiation of its costs in the form of receipts and other documents that not only show that

---

Paulus Supp. Aff. ¶¶ 5, 7 and Loan Summary and Payment Schedule at 2.  This Court assumes the former is a typographical error and therefore disregards it for the purpose of calculating the damages owed to plaintiff.  Likewise, plaintiff incorrectly cites the principal amount as $80,367.33 in its memorandum in support of its motion for default judgment.  See Pl. Mem. at 7-8.

such costs were incurred, but that they were also paid. See, e.g., Lawrence, 2017 WL 4404434, at *5. As such, this Court does not recommend an award of attorneys' fees or costs.

### D. **Judgment of Foreclosure & Appointment of a Referee**

Finally, plaintiff requests a judgment of foreclosure as well as the appointment of a referee to conduct the sale of the Subject Property. See Proposed Judgment. As previously noted, "once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." United States v. Watts, No. CV 13-3211(ADS)(WDW), 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014), adopted, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014); see *supra* p. 12.

As plaintiff has provided the Court with the Note and Mortgage, and because defendant Giambalvo, having failed to appear, has thus made no affirmative showing to overcome plaintiff's prima facie entitlement to a judgment of foreclosure, this Court respectfully recommends that a judgment of foreclosure and sale of the Subject Property be entered, in the form proposed by plaintiff in its Proposed Judgment. See Proposed Judgment. This includes the appointment of Kevin Snover, Esq., as plaintiff's referee as to the Subject Property's public auction, and that the sale's proceeds be applied to the amount owed on the Note as set forth above. See id.; see also Lawrence, 2017 WL 4404434, at *6 (awarding similar relief). The public auction is to be held at the Central Islip Courthouse of the Eastern District of New York, located at 100 Federal Plaza, Central Islip, NY 11722, in either the lobby (before the security checkpoint) or immediately outside the front entrance.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion for default judgment be granted against all defendants, but that damages should be awarded only against defendant Giambalvo as follows: $80,366.37 in unpaid principal and $66,202.50 in interest through January 20, 2020, plus interest at a daily rate of $27.30 thereafter until the final entry of judgment.  This Court further recommends that the District Court order the foreclosure and sale of the Subject Property located at 41 South Larry Road, Seldon, New York, in the form proposed by plaintiff in its Proposed Judgment, including the appointment of Kevin Snover, Esq., as referee to effectuate the sale of the Subject Property.[10]

Any objections to this Report and Recommendation must be filed with the Honorable Dora L. Irizzary on or before **March 23, 2020**.  Failure to file timely objections may waive the right to appeal the District Court's Order.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is requested to transmit copies of this Report and Recommendation to the defendants, via overnight courier, at the following addresses:

> Rosemarie Giambalvo-West, a/k/a Rosemarie Giambalvo, a/k/a Rosemarie West
> 41 S. Larry Road
> Seldon, NY 11784
>
> Fletcher A. Keller
> 6123 Fishhawk Crossing Blvd.
> Lithia, FL 33547
>
> Fletcher A. Keller
> 14 S. Bobwhite Road
> Wildwood, FL 34785

---

[10] Plaintiff's Proposed Judgment lacks the updated damages figures set forth in plaintiff's supplemental submissions.  <u>Compare</u> Proposed Judgment at pp. 1, 3 <u>with</u> Paulus Supp. Aff. ¶ 8.  If the District Court adopts this Report and Recommendation, plaintiff should be directed to submit a revised proposed judgment that includes this information.

Clerk of the Suffolk County District Court
400 Carleton Ave.
Central Islip, NY 11722

People of the State of New York
400 Carleton Ave.
Central Islip, NY 11722

Teachers Federal Credit Union
102 Motor Parkway
Hauppauge, NY 11788

Zapmytax, d/b/a Asset Servicing Corp., d/b/a Property Assessment Correction Group
100 Lido Blvd.
Point Lookout, NY 11569

Town of Brookhaven PVB
1 Independence Hill
Farmingville, NY 11738

Clerk of the Suffolk County Traffic and Parking Violations Agency
100 Veterans Memorial Highway
Hauppauge, NY 11788

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
**March 6, 2020**

/s/      *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**